# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| OSCAR SMALL : | |
| : | |
| V. : | |
| : | No. 5:12-CV-507 (CAR) |
| CEMEX SOUTHEAST, LLC : | |
| ROBERT STAMBACK, AND : | |
| PERRY STREETMAN, : | |
| : | |
| DEFENDANTS. : | |
| : | |

## ORDER ON MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE, PETITION FOR INTERLOCUTORY APPEAL

Before the Court is Defendants' Motion for Reconsideration or in the Alternative, Petition for Interlocutory Appeal [Doc. 38] of this Court's Order denying Defendants' motion for summary judgment on Plaintiff's claim that he was terminated based on his race in violation of 42 U.S.C. § 1981 [Doc. 35].[1] In that Order, the Court found, that Plaintiff had presented genuine issues of material fact as to whether Defendants terminated Plaintiff based on his race. In the instant Motion, Defendants request that this Court reconsider its findings.[2] Plaintiff has filed a Response to Defendant's Motion

---

[1] Defendants filed a Motion to Stay Trial and Pre-Trial Proceedings [Doc. 37] to allow Defendants' Motion for Reconsideration to be fully briefed and thoroughly considered by this Court. The Court, within its discretion, rescheduled the trial to a later term, and having ruled on Defendants' Motion herein, the Court finds Defendants' Motion **MOOT**.

[2] Rule 60(a) allows a court on its own initiative to correct clerical errors in its orders. Fed. R. Civ. P. 60(a). In reviewing its Order, the Court recognized a scrivener's error. Footnote seventeen should cite to Mr. Stamback's Account of Plaintiff's Termination, Doc. 26-3, at 25. Footnote eighteen should cite to Mr. Small's Deposition, Doc. 31-1, at 132.

1

[Doc. 39], and the Motion is now ripe for consideration.

**<u>Motion For Reconsideration</u>**

Local Rule 7.6 provides that "[m]otions for reconsideration shall not be filed as a matter of routine practice."[3] And they should be granted only if: (1) there has been an intervening change in controlling law; (2) new evidence has been discovered; or (3) reconsideration is needed to correct clear error or prevent manifest injustice.[4] Reconsideration of a prior order is an extraordinary remedy.[5] Moreover, "a motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined. Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."[6]

In their Motion for Reconsideration, Defendants contend that the Court inserted facts not in evidence, erred in its analysis, and failed to consider a properly presented argument. After thoroughly considering Defendants' Motion, Plaintiff's Response, and the relevant case law, the Court finds Defendants have not made the requisite showing that the law has changed, that new evidence has been discovered, that the Court made a clear error of law, or that the Order was manifestly unjust. Therefore, as no grounds exist for reconsideration, Defendants' Motion is hereby **DENIED**.

---

[3] M.D. Ga. L. R. 7.6.
[4] *Ctr. for Biological Diversity v. Hamilton*, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005).
[5] *Bell v. Houston Cnty., Georgia*, No. 5:04-CV-390 (HL), 2007 WL 4146205, at *2 (M.D. Ga. 2007).
[6] *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d. 1337, 1340 (M.D. Fla. 2003) (quotation and citation omitted).

**<u>Interlocutory Appeal</u>**

Defendants have asked this Court to certify its Order denying Defendant's motion for summary judgment for interlocutory appeal. The certification of interlocutory appeals from a district court to the court of appeals is governed by 28 U.S.C. § 1292(b).  By its terms, § 1292(b) authorizes an appeal of an interlocutory order only where (1) "such order involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion" and (3) where "an immediate appeal from the order may materially advance the termination of the litigation."[7]  And a litigant seeking § 1292(b) certification must satisfy all of these elements.[8]

Defendants contend the Court sat as a "super-personnel department" and substituted its judgment for that of the Defendants; they also contend that there is split of authority on how *Elrod v. Sears Roebuck, and Co.*[9] and its progeny should be applied. [10] However, the Court is unconvinced. In its Order, the Court found that there are genuine issues of material fact as to whether Defendants' stated reason for Plaintiff's termination—violation of the zero-tolerance policy[11]—is unworthy of credence, and thus should be decided by a jury. Because Defendants have not presented an issue

---

[7] 28 U.S.C. § 1292(b); *see also McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004) (describing these three criteria as the "core requirement" for § 1292(b) certification).
[8] *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008)
[9] 939 F.2d 1466 (11th Cir. 1991).
[10] Specifically, the Defendants question whether the Court "need not respect the judgment of a decision maker in analyzing the timing of decisions" and cites *Sussman v. Salem, Saxon & Nielsen, P.A.*, 8181 F. Supp. 1510, 1514-15 (M.D. Fla. 1993).
[11] Defs' MSJ, Doc. 25-1 at 12, 14.

involving a pure question of controlling law, [12] they have not met the standard for an interlocutory appeal. Accordingly, Defendants' Motion is hereby **DENIED**.

For the aforementioned reasons, Defendants' Motion [Doc. 38] is **DENIED**.

SO ORDERED, this 1st day of May, 2015.

S/  C. Ashley Royal
C. ASHLEY ROYAL,
UNITED STATES DISTRICT JUDGE

---

[12] *See Conseco*, 381 F.3d at 1259 ("The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact …").