### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| **OSCAR SMALL,** | : | |
| | : | |
| **PLAINTIFF,** | : | |
| | : | |
| **V.** | : | |
| | : | **No. 5:12-CV-507 (CAR)** |
| **CEMEX SOUTHEAST, LLC;** | : | |
| **ROBERT STAMBACK,** | : | |
| | : | |
| **DEFENDANTS.** | : | |
| | : | |

## ORDER ON MOTIONS IN LIMINE

Presently before the Court are Plaintiff's Motions *in Limine* [Docs. 44, 45] and Defendants' Motion *in Limine* [Doc. 43] as well as various oral motions made during the pre-trial conference held on June 18, 2015. For the reasons stated at the pre-trial conference, the Court **GRANTED** Defendants' motion to exclude evidence of Plaintiff's harassment, as well as hostile work environment claim, and evidence of harassment and discrimination claims at other Cemex facilities.  The Court also **instructed** Plaintiff that evidence of Defendants' worth was not to be admitted unless a punitive damage claim was found, at which time the Court would bifurcate the trial on that issue.  The Court **DENIED** Defendants' motion to exclude evidence of lost wages and instructed Plaintiff to provide Defendants with Plaintiff's tax returns for the relevant years, as well as granted Defendants the opportunity to depose Plaintiff.  The Court **RESERVED its**

1

**ruling** on Defendants' motion to exclude any "me too evidence," and **instructed** Plaintiff to investigate the grounds, if any, for his alleged assertions of "retaliation."

The Court took under advisement Defendants' motion to exclude witnesses not previously identified by Plaintiff in discovery, as well as Plaintiff's motions to exclude evidence of employees who were terminated subsequent to Plaintiff, and videos not previously disclosed. The Court now rules on each of these motions in turn.

### 1.  Previously Undisclosed  Witnesses

In their motion, Defendants seek to exclude witnesses not previously disclosed by Plaintiff, in particular, James Holmes, John Scott, and Danny Solomon.  At the pre-trial conference Plaintiff admitted that he first disclosed James Holmes and John Scott in the proposed pre-trial order submitted to the Court.  According to Plaintiff, Mr. Holmes is a former coworker of plaintiff, and Mr. Scott is a current employee of Cemex.

Federal Rule of Civil Procedure 37(c)(1) states that "if a party fails to … identify a witness as required by Rule 26(a) or 29(e), the party is not allowed to use that … witness to supply evidence at a trial unless the failure was substantially justified or is harmless."[1] At the hearing Plaintiff offered no justification for his failure to disclose these witnesses, let alone a substantial justification.  Moreover, trial is scheduled to begin in less than one month's time and allowing undisclosed witnesses to testify at this

---

[1] Fed. R. Civ. P. 37(c)(1).

point in time would prejudice the Defendants.[2] Therefore, the Court finds that Plaintiff's failure to disclose these witnesses was not substantially justified or harmless; accordingly, the Court **GRANTS** Defendants' motion to exclude as to James Holmes and John Scott [Doc. 43].

On the other hand, the parties have been aware of Danny Solomon as a witness in relation to Plaintiff's hostile work environment claim since the time of discovery. Although  it is unclear what Mr. Solomon's relevance is to this case, especially considering the fact that the Court dismissed Plaintiff's hostile work environment claim in its Order on Defendants' Motion for Summary Judgment [Doc. 35], the Court **RESERVES RULING** on Mr. Solomon at this time.

## 2. Subsequently Terminated Employees

In Plaintiff's motion, he asks the Court to exclude evidence of Caucasian employees, Andy Marzen and Ernest Holmes[3], who were terminated subsequent to Plaintiff. Plaintiff argues that post-litigation action by the Defendants cannot be relevant

---

[2] *See Nance v. Ricoh Electronics, Inc.*, 381 F. App'x 919, 922 (11th Cir. 2010) ( "When determining 'whether the exclusion of a witness was an abuse of discretion, an appellate court should consider the explanation for the failure to disclose the witness, the importance of the testimony, and the prejudice to the opposing party.'") (citing *Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser Aluminum & Chem. Corp.*, 684 F.2d 776, 780 (11th Cir. 1982)); *United States v. Kahn*, No. 5:03-CV-436-OC-10 GRJ, 2005 WL 3801810 *1 (M.D. Fla. 2005) ( "Defendant has not provided any reason for failing to serve his initial disclosures. In view of the fact that this case is scheduled for trial on the Court's December trial calendar the Plaintiff would be prejudiced if Defendant was permitted to use an undisclosed witness or exhibit at trial.").

[3] Plaintiff named Ernest Holmes at the pre-trial conference, and the Court notes that Mr. Holmes is, named as Plaintiff's witness in the parties' proposed pre-trial order.

to the question of Defendants' discriminatory intent. For the following reasons, the Court **DENIES** Plaintiff's motion to exclude as to Andy Marzen [Doc. 44], but **GRANTS** his oral motion as to Ernest Holmes.

The Court recognizes that actions relating to other employees outside of Plaintiff's protected class can be relevant[4]; however, where the employer's decision to terminate is attenuated by the passage of time and when the employer is faced with litigation, its "exculpatory" actions can be considered "equivocal in purpose, motive, and permanence."[5]

Defendants terminated Plaintiff on June 29, 2012. Plaintiff then filed a grievance on July 9, 2012, filed a charge of discrimination with the EEOC on August 3, 2012, and filed a Complaint with this Court on December 18, 2012.  Andy Marzen was terminated by Defendants in August of 2012, the same month that Plaintiff filed his EEOC charge and, indeed, at least five months previous to the start of the present litigation. Therefore, the Court finds Mr. Marzen's termination is close enough in time to be relevant in this case, and Plaintiff's motion to exclude as to Andy Marzen is **DENIED** [Doc. 44].

---

[4] *McDonell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973).

[5] *Smith v. Lockhead-Martin Corp.*, 644 F.3d 1321, n.80 (11th Cir. 2011) (citation omitted); *see also Gamble v. Birmingham Southern R. Co.*, 514 F. 2d 678, 683 (5th Cir., 1975); *Ansell v. Green Acres Contracting Co., Inc.* 347 F.3d 515, 524 (3rd Cir. 2003) (noting that where a subsequent action is "so remote in time," it is not relevant to intent); *Chuang v. University of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1129-30 (9th Cir. 2000) (finding subsequent actions to the filing of a complaint are rarely relevant).

On the other hand, Ernest Holmes was not terminated until April of 2013, almost a year after Plaintiff's termination. Moreover, at the time of Mr. Holmes's termination, Defendants were in the midst of litigation with Plaintiff.  The Court finds that such post-litigation action is too attenuated to be relevant to this case.  Therefore, the Court **GRANTS** Plaintiff's motion to exclude as to Ernest Holmes.

### 3.  Videos

In addition, Plaintiff seeks to exclude two videos not previously disclosed in discovery.  Defendants presented the videos at the pre-trial conference to the Court; the two videos show the "travel" and the "main chain" of the "reclaimer" in action.  The Court has previously noted that this case deals with complex and complicated machinery; it has considered Plaintiff's motion and the parties' arguments presented in the pre-trial conference. Therefore, provided Defendants can lay the proper foundation, the Court finds that Defendants' videos would serve as useful tools to help the jury understand this complex machinery. Accordingly, Plaintiff's motion [Doc. 45] is **DENIED**.  If Plaintiff would like additional discovery on this issue, he must contact the Court to set up a conference regarding the scope of that discovery, at which time the Court will entertain requests for limited discovery.

For the aforementioned reasons, the Court **GRANTS-IN-PART, DENIES-IN-PART,** and **RESERVES RULING-IN-PART** on Defendants' Motion *in Limine* [Doc. 43]. The Court **GRANTS-IN-PART** and **DENIES-IN-PART** as to Plaintiff's motion to

exclude evidence of employees who were terminated subsequent to Plaintiff [Doc. 44].

Finally, the Court **DENIES** Plaintiff's motion to exclude Defendants' videos [Doc. 45].

**SO ORDERED**, this 23rd day of June, 2015.

S/  C. Ashley Royal
C. ASHLEY ROYAL,
UNITED STATES DISTRICT JUDGE