IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| OSCAR SMALL, : | |
| : | |
| PLAINTIFF, : | |
| : | |
| V. : | |
| : | No. 5:12-CV-507 (CAR) |
| CEMEX SOUTHEAST, LLC; : | |
| ROBERT STAMBACK, : | |
| : | |
| DEFENDANTS. : | |
| : | |

ORDER ON ORAL MOTION IN LIMINE

Presently before the Court is Plaintiff's oral motion *in limine*. During the pre-trial conference, Plaintiff moved to exclude Plaintiff's EEOC Letter from evidence, which Defendants sought to admit. For the following reasons, the Court **GRANTS** Plaintiff's oral motion.

EEOC letters of determination are admissible under Federal Rule of Evidence (803)(8)(B) and are generally considered "highly probative."[1] In a jury trial, however, the "admission of an EEOC report . . . may be much more likely to present the danger of creating unfair prejudice in the minds of the jury than in the mind of the trial judge,

---

[1] *Barfield v. Orange County*, 911 F.2d 644, 649 (11th Cir. 1990) (quoting *Smith v. Universal Services, Inc.*, 454 F.2d 154, 157 (5th Cir. 1972)).

1

who is well aware of the limits and vagaries of administrative determinations and better able to assign the report appropriate weight and no more."[2] Therefore, district courts must "examine EEOC letters on a case-by-case basis and . . . consider whether the letters contain legal conclusions, raise questions of trustworthiness or present problems under Federal Rule of Evidence 403."[3]

In certain circumstances, the Eleventh Circuit has found that an EEOC letter is more likely "to present the danger of creating unfair prejudice in the minds of the jury" by "shift[ing] the jury's focus from deciding the ultimate issue in the case."[4] However, it has also found that allowing an EEOC letter into evidence can be proper where the letter involves "the same discrimination claim as that before the jury, where sufficient evidence was adduced at trial to place the [letter] in its proper context, and the district court instructed the jury as to the appropriate use of the [letter] by explaining that it is not an adjudication of rights and liabilities."[5]  Therefore, in determining whether to admit an EEOC letter there are several factors relevant to the court's decision: whether (1) it contains legal conclusions in addition to its factual content; (2) whether questions

---

[2] *Barfield*, 911 F.2d at 651.
[3] *Montgomery v. Brickell Place Condominium Association, Inc.*, No. 11–24316–CIV, 2012 WL 1203837, *1 (S.D. Fla. Apr. 11, 2012) (citing *Barfield*, 911 F.2d at 650).
[4] *Walker v. Nations Bank of Florida N.A.*, 53 F.3d 1548, 1554-55 (11th Cir. 1995).
[5] *Blanton v. Univ. of Florida ex rel. Bd. of Trustees of Univ. of Florida*, 273 F. App'x 797, 804 (11th Cir. 2008) (citing *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1288, 1289 (11th Cir. 2008)).

of trustworthiness are raised under Rule 803(8)(B); and (3) the evidence presents prejudice issues under Rule 403.[6]

Plaintiff's letter is not simply a "no-cause determination," but a detailed outline of the investigation by the EEOC of Plaintiff's case and relevant law. It lists specific statements that were reviewed in the course of its investigation, including statements submitted by Robert Stamback. It gives details regarding statistics of various other ethnicities that were previously fired in 2011 and 2012. Additionally, the agent writing the letter outlined the *McDonell-Douglas* burden shifting analysis in layman's terms, and asserted that because Defendants had:

> submitted a non-discriminatory reason for its actions[,] the burden of proof has shifted back to you. If you believe you have the quality evidence necessary to overcome the [Defendants'] defense, please submit that information to me for review…if you do not overcome that burden, EEOC will discontinue its processing of your charge and issue a Notice of dismissal and Right to Sue.[7]

The EEOC letter makes various determinations on the "merits" of Plaintiff's charge of discrimination, and it asserts legal conclusions, including that Plaintiff established "the first four elements" of his case, that Defendants rebutted with a nondiscriminatory reason, Defendants provided a legitimate reason for "the difference in treatment" between employees, and that Plaintiff now bears the burden of proof.[8]

---

[6] *Barfield*, 911 F.2d at 650 (11th Cir. 1990)
[7] Def. Ex. 7.
[8] *Id*.

The Court has reviewed the letter, the parties arguments presented at the pre-trial conference, and the relevant case law, and weighed the evidence under Rule 403.[9] Accordingly, the Court finds that although the letter has probative value, the EEOC's letter is highly problematic and prejudicial, thus outweighing its probative value. Many of the assertions in the letter are not merely findings of fact, but legal conclusions based on legal standards cited by the agent, all of which could possibly confuse a jury into believing a federal agency has already made a determination in this case.[10] Additionally, the letter sheds little new light on Plaintiff's claims, and seems merely cumulative, especially considering the evidence that is likely to be presented at trial. Finally, it references similar terminations without giving context as to if the terminations were from Cemex, or if they were merely general statistics. Therefore, for the aforementioned reasons, the Court **GRANTS** Plaintiff's oral motion to exclude the EEOC letter.

**SO ORDERED**, this 26th day of June, 2015.

S/ C. Ashley Royal
C. ASHLEY ROYAL,
UNITED STATES DISTRICT JUDGE

---

[9] Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury…or necessarily presenting cumulative evidence.").
[10] Although the Court notes that other courts have given limiting instructions to the jury that an EEOC determination is not an adjudication of rights, the Court finds such an instruction would not cure the prejudice resulting from admitting the letter into evidence here. *See Goldsmith*, 513 F.3d at 1288.

4